James SIMMONS, Appellant,

v.

STATE of Missouri, Respondent.

No. 56251.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 5, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 11, 1990.

Application to Transfer Denied
Feb. 13, 1990.

Michael D. Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On May 23, 1988, movant, James Simmons (a/k/a Felton Sykes), pled guilty to first degree robbery, first degree burglary, and second degree burglary. Pursuant to a plea bargain agreement, the court sentenced movant to twenty years for first degree robbery, ten years for first degree burglary, and seven years for second degree burglary. All of the sentences were to run concurrently. Movant filed a Rule 24.035 motion alleging ineffective assistance of counsel on December 12, 1988. The motion court denied the motion without an evidentiary hearing and this appeal followed.

To be entitled to an evidentiary hearing on a Rule 24.035 motion, movant must allege facts, not conclusions, which if true would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant. *Fairley v. State,* 770 S.W.2d 458, 459 (Mo.App., E.D.1989). After a guilty plea, ineffective assistance of counsel is relevant only if it affected the voluntariness of the plea. *Troupe v. State,* 766 S.W.2d 722, 723 (Mo. App., E.D.1989). Our review of the motion court's decision is limited to determining whether its findings and conclusions are clearly erroneous. *Sanders v. State,* 738

S.W.2d 856, 857 (Mo. banc 1987); Rule 24.-035(j).

Movant first claims that the motion court erred in finding a sufficient factual basis to support a guilty plea for first degree robbery. He asserts that the record does not show that he "forcibly" stole a revolver and ammunition. A court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Missouri Supreme Court Rule 24.02(e). *Jones v. State*, 758 S.W.2d 153, 154 (Mo.App., E.D.1988).

■ In this case, the record shows that movant committed first degree robbery as provided by RSMo § 569.020 (1986). That section provides:

569.020. Robbery in the first degree.— 1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

"Forcibly steals," is defined, in part, as the use or threatened "immediate use of physical force upon another person for the purpose of ... preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking ..." RSMo § 569.010(1)(a). Actual force is not, therefore, required to commit robbery in the first degree. It is sufficient that such force be "threatened." *See State v. Greenlaw*, 593 S.W.2d 641, 643 (Mo.App., E.D.1980).

■ The record reveals that, in the present case, the movant pointed a gun at the two victims to aid his escape. This is certainly "force" within the meaning of RSMo § 569.020. Point denied.

Movant next asserts that his counsel was ineffective in: (1) "failing to ensure that the prosecutor enter a directive of nolle prosequi for the charge of first degree robbery because there were no facts showing that appellant used force and (2) in not investigating the victims to corroborate that there had been no display of force."

■ Movant's first claim is meritless. A nolle prosequi is a formal entry on the record by the prosecutor that he will no longer prosecute a pending criminal charge. *State v. Clark*, 711 S.W.2d 928, 934 (Mo.App., E.D.1986), *citing State v. Lawson*, 630 S.W.2d 185, 189 (Mo.App., E.D.1982). Under Missouri law, the prosecutor has sole discretion to enter a nolle prosequi without interference by the trial court in which the prosecution is pending. *State ex rel. Griffin v. Smith*, 258 S.W.2d 590, 593 (Mo. banc 1953).[1] Hence, movant's attorney could not have been ineffective in failing to ensure a nolle prosequi because the defendant's attorney had no power to force such a decision. In addition, as discussed above, there was sufficient evidence in the record to support the robbery charge.

■ Finally, the motion court found that the movant's attorney had contacted the victims and that there was no evidence to support movant's allegation that no force was used. The record shows that the movant's attorney and her investigator interviewed both of the victims and determined that their testimony did not support movant's case. Further, when asked about the effectiveness of his counsel, movant stated that he was satisfied with his attorney's representation.

Therefore, no basis for relief exists under Rule 24.035, and the motion court order

---

**1.** The only limitation on the prosecutor's authority to enter a nolle prosequi is provided by *State ex rel. Norwood v. Drumm*, 691 S.W.2d 238, 241 (Mo. banc 1985) where the Missouri Supreme Court held that a trial court could deny a prosecutor leave to enter a nolle prosequi on a murder charge after a guilty verdict and before sentencing.

denying the motion without an evidentiary hearing was not clearly erroneous. .

Judgment affirmed.

REINHARD and CRIST, JJ., concur..