Ronnie G. BROOKS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 59266.

Missouri Court of Appeals,
Western District.

Aug. 7, 2001.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Assistant Atty. Gen., Jefferson City, for Respondent. .

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

EDWIN H. SMITH, P.J.

Ronnie G. Brooks appeals from the order of the circuit court denying his Rule 29.15[1] motion for postconviction relief, without an evidentiary hearing, seeking to vacate his conviction for second degree robbery. The appellant was convicted as a persistent offender, pursuant to § 558.016,[2] in the Circuit Court of Clay County after a jury trial, of one count of robbery in the second degree, § 569.030, for which he was sentenced to thirty years in the Missouri Department of Corrections.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion, without an evidentiary hearing, because he alleged facts, not conclusions, which were not refuted by the record and, if true, would establish that he received ineffective assistance of counsel. The State concedes that the motion court erred in failing to grant the appellant an evidentiary hearing.

We reverse and remand.

---

1. All rule references are to the Missouri Rules of Criminal Procedure (2001), unless otherwise indicated.

2. All statutory references are to RSMo 2000, unless otherwise indicated.

## Facts

On March 3, 1998, the Subway restaurant at 504 Armour Road in North Kansas City, Clay County, Missouri, was robbed of $102.42. An employee, Joyce Jordan, was forced by an African American male to hand over the money. In addition to Jordan, there were three eyewitnesses to the robbery: Rowena Cerra and Cheryl Kidd, also restaurant employees; and Larry Tongate, a customer. Upon witnessing the robbery, Cerra ran out of the back of the restaurant to call the police from a neighboring business.

Several North Kansas City police officers responded to Cerra's 911 call. One of the officers responding, Sergeant James Osburn, was on foot-patrol when he saw a black man running toward Fayette Street. The officer observed the man get into a maroon car and drive northbound. Sergeant Jim Bagley, who was also responding to the 911 call, saw Sergeant Osburn pursuing the suspect. When the suspect got into his car and drove away, Sergeant Bagley pursued him in his patrol car. While driving to the scene in response to the call, Officer Terry Bowen saw a black man, wearing black clothing and a black floppy hat, walk out of the restaurant, go to a red car, and drive away. He gave chase. Officer Hamm, who was also responding to the call, observed the suspect drive away, so he too gave chase. Also giving chase were Officer Carl Reineke and Kansas City Police Officer James Pearce.

The suspect's car was eventually disabled by spike strips placed across the road causing his tires to blow out. The suspect stopped his car in an open lot, got out, and began running, but was trapped

by a fence surrounding the lot. He was cornered by several of the police officers, who placed him under arrest. Sergeant Bagley and Officers Hamm, Bowen, and Pearce all later identified the appellant as the individual whom they had pursued. The appellant had $98 on him when he was arrested. There was no gun found on his person or in his car. None of the officers saw the appellant throw anything from his car during the chase.

An indictment was handed down by a Clay County grand jury against the appellant on April 22, 1998, charging him with one count of robbery in the first degree, § 569.020, and armed criminal action (ACA), § 571.015. An information in lieu of indictment was filed on September 11, 1998, charging the appellant as a prior offender and a persistent offender.

The case proceeded to a jury trial before the Honorable Michael J. Maloney, on November 16, 1998. Kidd testified at trial that she saw the barrel of a gun in the robber's hand. She testified that the robber wore sunglasses, a burgundy cap and jacket, and held a bloody rag over his face. At trial, she positively identified the appellant as the robber. Cerra testified that the robber wore a black leather jacket, a black "squished-down English style hat," and sunglasses. She also testified that he held a rag over his mouth. She heard Kidd say, "he's got a gun"; however, she never saw the gun. Cerra identified the appellant at trial. She had previously identified him in a police lineup on the day of the robbery. Tongate testified that he could not positively identify the appellant as the robber. Jordan testified that the robber held a bloody rag over his face during the entire robbery, so she was unable to identify the appellant as the person who robbed the restaurant. Jordan further testified that she did not see the robber holding a gun.

The jury was instructed on first degree robbery, the lesser included offense of robbery in the second degree, and ACA. As to first degree robbery, the jury was instructed that it had to find, in order to convict, that the appellant: (1) took the money from Subway, (2) for the purpose of withholding it from Subway, (3) that in doing so, he threatened the immediate use of physical force on or against the Subway employees, and (4) that he was armed with a deadly weapon. Because the existence of a gun was in dispute, the instruction on second degree robbery was given as a lesser included offense. This instruction was identical to that given on first degree robbery, except that the jury was not required to find that the appellant was armed at the time with a deadly weapon.

The jury found the appellant not guilty of first degree robbery and ACA, but found him guilty of the lesser included offense of second degree robbery. The appellant filed a motion for acquittal notwithstanding the verdict or, in the alternative, for a new trial on December 11, 1998. The motion, which was heard on December 18, 1998, was overruled. The previous day, the trial court found that the appellant was a persistent offender, but was not a prior offender. On January 13, 1999, the court formally sentenced the appellant as a persistent offender to a term of thirty years imprisonment.

The appellant appealed his conviction to this court in the case of *State v. Brooks*, WD 56773. This court issued its mandate affirming the appellant's conviction on March 27, 2000. *State v. Brooks*, 39 S.W.3d 113 (Mo.App. Nov.23, 1999) (mem.). Thereafter, the appellant filed a *pro se* Rule 29.15 motion on June 14, 2000. Counsel was subsequently appointed on June 15, 2000, who filed a motion for an extension of time to file an amended Rule 29.15 motion, which was granted on June

26, 2000. The amended motion was filed on September 8, 2000, alleging, *inter alia*, that the appellant's trial counsel was ineffective for failing to request the court to submit an instruction on the lesser included offense of felony stealing. On October 2, 2000, the motion court, without an evidentiary hearing, overruled the appellant's motion, concluding that any request by the appellant's trial counsel for an instruction on the lesser included offense of felony stealing would have been denied and, thus, his trial counsel was not ineffective as alleged.

This appeal follows.

### Standard of Review

■ Appellate review of a motion court's denial of a Rule 29.15 motion for postconviction relief is limited to a determination of whether the court's findings and conclusions issued in support thereof, as required by Rule 29.15(j), are clearly erroneous. Rule 29.15(k); *State v. Clay*, 975 S.W.2d 121, 140 (Mo.banc 1998) (citation omitted). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Clay*, 975 S.W.2d at 140 (citation omitted).

### I.

In his sole point on appeal, the appellant claims that the motion court erred in denying his Rule 29.15 motion, in which he sought to vacate his conviction for second degree robbery, without an evidentiary hearing, because he alleged facts, not conclusions, which were not refuted by the record and, if true, would establish that he received ineffective assistance of counsel. Specifically, he claims that the facts alleged in his motion, if true, would establish that his trial counsel was ineffective in that he should have but failed to request an instruction on the lesser included offense of felony stealing, § 570.030. The State concedes that the appellant was entitled to an evidentiary hearing on his motion.

■ In order to prevail on a claim of ineffective assistance of counsel, as claimed by the appellant, a movant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that (1) his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) he was prejudiced as a result. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo.banc 1997). If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and the movant's claim of ineffective assistance of counsel must fail. *Id.* (citation omitted). To satisfy the performance prong, the movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Id.* To satisfy the prejudice prong, a movant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

■ "If the court determines that the motions, files, and records of the case conclusively show that the movant is not entitled to relief, a hearing will not be held." *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995) (*citing* Rule 29.15(g)). Thus, to be entitled to an evidentiary hearing on a motion for postconviction relief: (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must

have resulted in prejudice to the movant. *Id.* (citation omitted). Given this standard and inasmuch as we will not convict trial counsel of being ineffective for failure to engage in a futile act, *Vogel v. State*, 31 S.W.3d 130, 137 (Mo.App.2000), to be entitled to an evidentiary hearing on his claim, the appellant was required to have alleged in his motion, facts, not conclusions, which were not refuted by the record and demonstrated that his trial counsel, exercising the customary skill and diligence that a reasonably competent attorney would have exercised in this case, should have requested a jury instruction on the lesser included offense of stealing; that if he had, one would have been given; and, that there was a reasonable probability that he would have been found not guilty, beyond a reasonable doubt, of second degree robbery.

■■■■ "Due process requires that a defendant may not be convicted of an offense which is not charged in the indictment or information." *State v. Shipley*, 920 S.W.2d 120, 122 (Mo.App.1996) (*citing State v. Smith*, 592 S.W.2d 165, 165 (Mo. banc 1979)). "Therefore, a trial court may not instruct on an offense not specifically charged unless it is a lesser included offense." *Id.* As to lesser included offenses, § 556.046 provides:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

"A trial court is required to instruct on a lesser included offense if the evidence, in fact or by inference, provides a basis for both an acquittal of the greater offense and a conviction of the lesser offense, and if such instruction is requested by one of the parties or the court." *State v. Hahn*, 37 S.W.3d 344, 349 (Mo.App.2000) (citation omitted). "[I]f there is any doubt upon the evidence, the trial court should resolve any doubts in favor of instructing on the lower degree of the crime, leaving it to the jury to decide which of two or more grades of offense, if any, the defendant is guilty." *State v. Santillan*, 948 S.W.2d 574, 577 (Mo.banc 1997) (citation omitted).

■■■ In the case at bar, the appellant was charged by information with first degree robbery, under § 569.020.1(2), which states:

A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime ... [i]s armed with a deadly weapon[.]

Second degree robbery, under § 569.030, is a lesser included offense of first degree robbery. *State v. Branyon*, 939 S.W.2d 921, 926 (Mo.App.1996) (Smith, J., concurring). The jury was instructed on both robbery first and robbery second. The appellant claims that his trial counsel should have requested that the jury also be instructed on felony stealing, pursuant to § 570.030, which provides, in pertinent part:

1. A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either with-

out his or her consent or by means of deceit or coercion.

. . .

3. Stealing is a class C felony if:

. . .

(2) The actor physically takes the property appropriated from the person of the victim[.]

Felony stealing from a person is a lesser included offense of second degree robbery. *State v. Williams*, 784 S.W.2d 276, 281 (Mo.App.1989) (citation omitted). The appellant argues that the evidence in his case was such that the jury could have acquitted him on robbery, both first and second, and convicted him of felony stealing. Thus, he contends that his trial counsel should have requested an instruction on the lesser included offense of stealing, and that if he had, the trial court would have been required to give it.

In order to convict the appellant of robbery, first or second, the State was required to show that he forcibly stole the money. § 569.020; § 569.030; *State v. Kelly*, 43 S.W.3d 343, 348 (Mo.App.2001); *State v. Cates*, 854 S.W.2d 17, 19 (Mo.App. 1993). To prove this element, the State hypothesized in its verdict director, submitting robbery second, that the appellant took the money from Subway by threatening "the immediate use of physical force on or against Subway employees for the purpose of preventing resistance to the taking of the property." In his motion, the appellant alleged that the evidence at trial on this issue was such that the jury could have reasonably found that he did not threaten the immediate use of physical force for the purpose of preventing resistance to his taking of the money, requiring it to acquit as to robbery second. He further alleged that given this fact, his trial counsel should have requested an instruction on the lesser included offense of felony stealing, and that, if he had, the

instruction would have been required, resulting in his being found not guilty of second degree robbery. The State agrees with the appellant and "believes that a basis existed in the evidence to acquit appellant of robbery in the second degree and convict him of stealing." Thus, the State concedes that the appellant alleged sufficient facts in his motion, which were unrefuted by the record and entitled him to an evidentiary hearing on his motion.

■ The motion court, in denying the appellant's motion without an evidentiary hearing, concluded that "[h]ad defense counsel offered a verdict directing instruction which submitted stealing from the person, it would have been refused," such that counsel was not deficient for failing to request the giving of the instruction inasmuch as counsel will not be convicted of being ineffective for failing to engage in a futile act. *Vogel*, 31 S.W.3d at 137. In support of its conclusion, the motion court found that the evidence did not support the giving of an instruction on felony stealing because there was no basis upon which the jury could have acquitted the appellant of second degree robbery and convicted him of felony stealing. The court reasoned that "[u]nless the record of Movant's trial contains substantial evidence that the person who took the money did so without putting the victim in fear, the Movant cannot prevail on this issue. There is no such evidence."

■ In denying the appellant's motion on this basis, the motion court assumed that the proof element of the State's case for second degree robbery that was being asserted by the appellant as the basis for his acquittal of that offense was fear. However, that was not what was alleged in the appellant's motion. Rather, as the basis for his allegation that there was evidence from which the jury could have ac-

quitted him of second degree robbery, the appellant alleged that "the majority of the evidence established that the [robber] did not use force or the threat of force" in stealing the money. Moreover, fear is not an element of proof of robbery. *See State v. Tivis,* 884 S.W.2d 28, 30 (Mo.App.1994) (holding that, while the old statute provided that if property was taken from a person and that person was put in fear, the offense was robbery and not stealing, the current version of § 569.010 merely requires a finding of forcible stealing through the use or threatened use of immediate physical force). Thus, the motion court's finding on which it denied the appellant's motion without an evidentiary hearing, with respect to what the appellant had to allege in his motion to be entitled to a hearing on the issue of whether trial counsel was deficient for failing to request the lesser included instruction submitting felony stealing, was clearly erroneous, as the State concedes, requiring us to reverse for an evidentiary hearing. Rule 29.15(k).

### Conclusion

The order of the motion court denying the appellant's Rule 29.15 motion without an evidentiary hearing is reversed and the cause is remanded for an evidentiary hearing on the motion in accordance with this opinion.

HOWARD and HOLLIGER, JJ., concur.