**STATE of Missouri, Respondent,**

v.

**James THURSTON, Appellant.**

No. 25122.

Missouri Court of Appeals,
Southern District,
Division One.

May 23, 2003.

Craig Johnston, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Sara L. Trower, Assistant Attorney General, Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

James Thurston ("Appellant") appeals from the judgment and sentence of the circuit court of New Madrid County, after a jury convicted him of assault in the second degree, § 565.060.1(3).[1] He was sentenced as a prior and persistent offender, § 558.016, to twenty years imprisonment. In his sole point on appeal, Appellant maintains that the trial court plainly erred in submitting his own proffered Instruction No. 8, the verdict director for assault in the second degree, as a lesser included offense of State's Instruction No. 7, the verdict director for assault in the first degree, § 565.050. He maintains the crime for which he was convicted was not charged in the information and was not a lesser-included offense of a crime charged. We affirm.

Appellant does not challenge the sufficiency of the evidence supporting his conviction. "This Court accepts as true all evidence supporting the verdict, including all favorable inferences therefrom and disregards all contrary evidence and inferences." *State v. Dunn,* 21 S.W.3d 77, 79 (Mo.App.2000).

On April 24, 1999, Appellant attended a birthday party in which Karen Taylor ("Victim") and Brenda McCormick partici-

---

1. All statutory references are to RSMo 1994.

pated. The revelers shared in a "big gallon jug of Jack Daniels." Victim testified that afterwards, while driving Appellant home following the party, Appellant pulled out a knife, threatened her with its use and forced her to drive to a county road, where he overpowered her, beat her with his fist, choked her, bit her arm, and then raped her. Afterward, Victim claimed that Appellant threatened to kill her and her children if she reported it to the police. Victim reported the incident the next day, nevertheless. Shortly thereafter, Appellant left town and was not seen again by Victim until October of 2001, at which time she notified the police and had him arrested.

Appellant was charged as a prior and persistent offender in the Circuit Court of New Madrid County with one count of assault in the first degree, for attempting to cause serious physical injury to Victim by trying to stab her, § 565.050; two counts of armed criminal action, § 571.015; one count of forcible rape, § 566.030.2; and one count of kidnapping, § 565.110.1(2). The verdict directors at trial reflected these charges.

Also at trial, Appellant submitted an additional instruction (No. 8), for assault in the second degree for recklessly causing serious physical injury to Taylor by striking her with his fist. § 566.060.1(3). The jury found Appellant guilty of assault in the second degree, as submitted by Appellant, and not guilty on the remaining counts.

■ Appellant concedes that this issue was not properly preserved for appeal since he requested Instruction No. 8, the verdict director for assault in the second degree. Rule 28.03.[2] Nor did he raise the matter in his motion for new trial as required under Rule 29.11(d). Nonetheless, he now requests this court to review his point for plain error. *See State v. Reynolds,* 72 S.W.3d 301, 305 (Mo.App.2002); *see also State v. Wurtzberger,* 40 S.W.3d 893, 898 (Mo. banc 2001).

■ Despite Appellant's failure to comply with Rule 28.03, we observe that "[u]npreserved claims of plain error may still be reviewed under Rule 30.20 if manifest injustice would otherwise occur." *Wurtzberger,* 40 S.W.3d at 898.

■ " 'An assertion of plain error under Rule 30.20 places a much greater burden on a defendant than an assertion of prejudicial error.' " *Reynolds,* 72 S.W.3d at 305 (quoting *State v. Deckard,* 18 S.W.3d 495, 497 (Mo.App.2000)). Rule 30.20 provides, in pertinent part, that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *See Reynolds,* 72 S.W.3d at 305. If in our discretion we decide to review Appellant's claim of plain error, Appellant must show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice would result if the error is left uncorrected. *State v. White,* 92 S.W.3d 183, 189 (Mo.App.2002); *Reynolds,* 72 S.W.3d at 305. Plain error "is error that is evident, obvious and clear." *White,* 92 S.W.3d at 189. "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been

---

**2.** Rule 28.03 governs objections to instructions and verdict forms, and provides in pertinent part that "[c]ounsel shall make specific objections to instructions or verdict forms considered erroneous. No party may assign as error the giving or failure to give instruc-

tions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."

All rule references are to Missouri Court Rules (2002).

properly preserved for appellate review." *Id.*

■ "Instructional error seldom rises to the level of plain error." *State v. O'Toole,* 83 S.W.3d 622, 630 (Mo.App.2002). " 'Plain error review of instructional error is warranted where an error so substantially affects the rights of an accused that manifest injustice results if it is left uncorrected.' " *Reynolds,* 72 S.W.3d at 305 (quoting *State v. McCoy,* 971 S.W.2d 861, 864 (Mo.App.1998)).

■ We are aware that " '[d]ue process requires that a defendant may not be convicted of an offense which is not charged in the indictment or information.' " *State v. Hagan,* 79 S.W.3d 447, 455 (Mo.App.2002) (quoting *Brooks v. State,* 51 S.W.3d 909, 914 (Mo.App.2001)). The information or indictment places a defendant on notice of the offenses charged against him, and also on notice of all offenses that are lesser included offenses of those charged. *Id.* "[A] trial court may not instruct on an offense that is not contained in the indictment or information, unless it is a lesser included offense." *Id.*

However, § 545.030.1 "has been the law in this state for more than one hundred years. It provides, in part, that no criminal 'trial, *judgment* or other proceedings *be . . . in any manner affected:*

\* \* \*

> (16) For *any error committed at the instance* or *in favor of the defendant . . . .*"

*State v. Leisure,* 796 S.W.2d 875, 878 (Mo. banc 1990) (footnote omitted).

Here, Appellant attacks his own proffered Instruction No. 8. However, the Missouri Supreme Court "has long held that a defendant cannot complain of an instruction given at his request." *Id.* at 877. "Having done so, he has no cause for complaint." *State v. McMillin,* 783 S.W.2d 82, 97 (Mo. banc 1990), *cert denied*

498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990).

If the trial court erred in giving the assault in the second degree instruction, as set out in Instruction 8, it was error committed at the instance of Appellant, and most certainly he considered it in his "favor." Accordingly, it should not "in any manner" affect his conviction. *Leisure,* 796 S.W.2d at 878; § 545.030.1(16). Furthermore,

> [t]here would be a strange twist in the criminal law if a defendant who had the benefit of the jury's mercy could then use the resultant conviction as a basis for avoiding conviction on the higher offense charged, on the less serious offense of which he was convicted, and possibly, of any offense whatsoever.

*Id.* at 879 (quoting *State v. Goddard,* 649 S.W.2d 882, 889 (Mo. banc 1983), *cert denied,* 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983)).

We also observe that the Missouri Supreme Court in *State v. Hibler,* set out that "second degree assault is specifically denominated by statute as a lesser degree of the offense charged, it is an included offense." *State v. Hibler,* 5 S.W.3d 147, 150 (Mo. banc 1999); §§ 556.046.1(2), 565.060; *see also State v. Whalen,* 49 S.W.3d 181, 188 (Mo. banc 2001). "[W]hen the Missouri General Assembly makes such a designation by legislative enactment, all 'constitutional requirements that one be apprised of the charge against him . . . are met.' " *State v. Dailey,* 778 S.W.2d 678, 681–82 (Mo.App.1989) (quoting *State v. Wilkerson,* 616 S.W.2d 829, 833 (Mo. banc 1981)).

Here, there was evidentiary support for the giving of the instruction in question. *See State v. Taylor,* 724 S.W.2d 531, 536 (Mo.App.1986). Less than 10 minutes into the drive home Appellant told Victim he had something he wanted to give her, and pulled out a pocket knife and commenced

stabbing the roof of her car, ripping the top of her car "open." Victim then put her car into park, got out, and took off running but was intercepted by Appellant who then ordered her back into the car. As they drove back to Lilbourn, Missouri, Appellant had Victim turn onto County Road 639 and had her stop the car. An altercation ensued and she was hit in the face by Appellant. Somehow, Victim obtained the knife and threw it under the vehicle; she also got the keys to the car in her hand and Appellant bit her arm. Appellant then pulled her out of the car and raped her.

 Accordingly, there was substantial evidence from which a reasonable juror might have found Appellant guilty beyond a reasonable doubt of recklessly "striking her with his fist." § 562.016.4.[3] Also, Victim suffered serious physical injury under the provisions of § 565.002(6).[4] *See State v. Bruce,* 53 S.W.3d 195, 200 (Mo.App.2001). Victim lost a tooth in the altercation; she had swelling to her face which took three weeks to go away. She had to put Vaseline on her lips to keep them from bleeding, and ice packs on her arm to get the swelling and bruising to go away. She had bruises on her neck and leg and marks around her throat and black

eyes. "Whether an injury constitutes protracted impairment depends on the circumstances of each case." *State v. Ross,* 939 S.W.2d 15, 18 (Mo.App.1997). "There is no minimum degree of trauma that must be inflicted to satisfy the portion of the statutory definition dealing with protracted loss or impairment." *Id.; see Bruce,* 53 S.W.3d at 200. We determine that the evidence presented at trial support's the jury's finding that Appellant recklessly caused Victim to suffer serious physical injury as set out in § 565.002(6). *See id.*

Accordingly, we find the jury was not misdirected by the trial court's giving of Instruction 8, assault in the second degree, as requested by Appellant. *See Reynolds,* 72 S.W.3d at 305. Substantial grounds do not exist, which are evident, obvious and clear, showing that the trial court committed a "plain error" in the giving of Instruction 8 that resulted in manifest injustice or a miscarriage of justice. *State v. Stephens,* 88 S.W.3d 876, 880–81 (Mo.App. 2002). The judgment of the trial court is affirmed.

---

**3.** Section 562.016.4 provides: "A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."

**4.** Section 565.002(6) states: " 'Serious physical injury' means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body."