**STATE of Missouri, Plaintiff–
Respondent,**

v.

**James D. MERRICK, Defendant–
Appellant.**

**No. 27334.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 25, 2008.

Nancy A. McKerrow of Columbia, MO, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen. of Jefferson City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

James Merrick (Defendant) was charged by amended information with robbery in the first degree and armed criminal action

(ACA). *See* §§ 569.020, 571.015.[1] A jury found Defendant guilty of both charges, but made no sentencing recommendation because Defendant was a prior offender. *See* § 557.036.4(2) RSMo Cum.Supp. (2004). The trial court sentenced Defendant to a 30–year term of imprisonment for the robbery offense and a concurrent 10–year term of imprisonment for the ACA offense. On appeal, Defendant presents two points of error. First, he contends the trial court abused its discretion in overruling an amended motion for a new trial alleging that Defendant was prejudiced because jurors observed Defendant in shackles while being led in and out of the courtroom. Second, he contends the trial court plainly erred in giving Instruction No. 6, the verdict director for robbery in the first degree, because the instruction deviated from MAI–CR 3d 323.02 and its Notes on Use. Finding no merit in either contention, this Court affirms.

Defendant does not contest the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the following evidence was adduced. On March 2, 2005, Diann Melton (Melton) was the store manager of the Delano Station Break in Cuba, Missouri. Around 7 a.m., Defendant entered the store. He was wearing a red and black coat and a black ball cap. He bought a cup of coffee and then left. Fifteen minutes later, he returned and asked Melton for four packs of cigarettes. When another customer entered the store, Defendant felt in his pocket. He told Melton that he had forgotten his money and would be right back.

When the other customer left, Defendant came back into the store. After Melton rang up the purchase, Defendant told her to give him all of the money. She looked up and saw that Defendant had a very shiny pistol in his hand. He pointed the gun at her and said, "I'm serious, I'm not joking and I'm not going to hurt you." Defendant demanded all of the money except the coins. While holding the pistol with his right hand, he picked up the bills with his left hand and put them in his coat. When Defendant reached the door, he stopped and told Melton that she was not to do or touch anything until he was out of sight. After he left, Melton called 911.

At trial, Melton identified Defendant as the robber. Melton remembered his face, which she had seen clearly for at least three minutes from about three feet away. Melton identified a coat and hat seized from Defendant's closet as "exactly like the coat and hat" that he was wearing on the day of the robbery. Melton also identified a "shiny" gun found under the seat of a car Defendant was driving as "the same type of gun that was pointed at [her] that day" by Defendant.

After the State rested, Defendant offered no evidence on his behalf. The jury found Defendant guilty on both charges, and this appeal followed. Additional facts necessary to the disposition of the case are included below as we address Defendant's two points of error.

*Point I*

In Defendant's first point, he contends the trial court abused its discretion in overruling his amended motion for a new trial because the jurors observed Defendant in shackles while being led in and out of the courtroom. Citing *Deck v. Missouri*, 544 U.S. 622, 634, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005), Defendant argues he was denied a fair trial because shackling in the presence of the jury is "inherently prejudicial." The following addition-

---

**1.** All references to statutes are to RSMo (2000) unless otherwise specified. All references to rules are to Missouri Court Rules (2006).

al facts are relevant to the discussion of this issue.

Prior to trial, the trial court granted Defendant's motion to be tried without shackles in the presence of the jury so long as Defendant conducted himself properly. During trial, which lasted one day, Defendant was not shackled in the presence of the jury in the courtroom. Defendant was shackled while being transported to and from the courtroom. The sheriff's office took steps to make sure that Defendant was restrained only when he was out of the jury's view.

In Defendant's amended motion for new trial, Defendant added the allegation that "jurors had opportunity to observe defendant being removed from or to the courtroom in shackels [sic] and deputy supervison [sic]. This could have enfluenced [sic] the jury in its verdict against the defendant." At the hearing on the amended motion, defense counsel explained:

> [W]e've learned through from [sic] some of the jurors that they observed the Defendant in shackles and under deputy's supervision being led into and out of the courtroom. I believe that there is a Supreme Court case, that I can't come up with off the top of my head, that the Defendant has a right to not be seen in shackles because it would prejudice the jury.

In response to this allegation, the following discussion took place:

> [Prosecutor]: Your Honor, I think that there were great pains taken by the sheriff's office as I recall to make sure that while the jury was within view he was unrestrained and that was a point made prior to trial and I believe it was followed as far as I know.
>
> . . . .
>
> [Defense counsel]: There may have been great pains taken Your Honor but apparently it wasn't great enough.

There were some jurors who did observe him in shackles. And again, as I said, there is a clear United States Supreme Court case law regarding shackles, the presence of the defendant in shackles as far as prejudicing the outcome.

> [Prosecutor]: I don't think there are any affidavit[s] of testimony supporting that allegation Your Honor.
>
> THE COURT: I didn't see any affidavits. I'm concerned about it because the court clearly recalls that this was taken up in chambers long before the jury was even here.
>
> [Defense Counsel]: Yes sir.
>
> THE COURT: I believe your client was back there, isn't that correct? And those were removed long before you came out here.
>
> [Prosecutor]: That's accurate.
>
> [Defense counsel]: He was also brought back to the jail for lunch. He was brought back from the jail after lunch. Going to the bathroom. There were numerous times when he was re-shackled and again, they did take great pains and they did a good job but apparently there was an episode where it wasn't great enough.
>
> [Prosecutor]: Your Honor I don't think a mere allegation of that is sufficient.
>
> [Defense counsel]: Your Honor if the court would grant some time to investigate this further, if it's going to be dispositive we would put full effort in obtaining affidavits.

The court denied the amended motion for new trial and proceeded with sentencing.

"The question of whether to grant a motion for new trial is left to the sound discretion of the trial court." *State v. Parker*, 208 S.W.3d 331, 335 (Mo.App. 2006). The trial court's decision is presumed to be correct and will be reversed

on appeal only for an abuse of discretion. *State v. Thompson*, 147 S.W.3d 150, 155 (Mo.App.2004). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Christeson*, 50 S.W.3d 251, 261 (Mo. banc 2001).

■ The State contends that the trial court did not abuse its discretion in denying Defendant's request for a new trial because, at the hearing on the amended motion, the court was not presented with any evidence that one or more jurors actually observed Defendant in shackles. This Court agrees. "A bare assertion by defense counsel does not prove itself and is not evidence of the facts presented." *State v. Smith*, 996 S.W.2d 518, 523 (Mo. App.1999). The record here is devoid of any proof that any jurors actually observed Defendant in shackles, and an appellate court "will not speculate as to whether they did." *Lytle v. State*, 762 S.W.2d 830, 834–35 (Mo.App.1988); *Smith*, 996 S.W.2d at 523. Thus, Defendant failed to make the requisite showing that a juror actually observed him being escorted to and from the courtroom in shackles. *State v. Smith*, 944 S.W.2d 901, 917 (Mo. banc 1997); *Smith*, 996 S.W.2d at 523; *State v. Clements*, 849 S.W.2d 640, 646–47 (Mo. App.1993). The trial court did not abuse its discretion in denying Defendant's amended motion for new trial. Point I is denied.

### Point II

■ In Defendant's second point, he contends the trial court plainly erred in giving Instruction No. 6, which was the verdict director for the first-degree robbery charge. Preliminarily, we must address the applicable standard of review.

At the instruction conference, defense counsel said he had no objection to Instruction No. 6. This issue also was not included in Defendant's motion for new trial. Therefore, Defendant concedes that the matter is not preserved and requests plain-error review pursuant to Rule 30.20. The State, on the other hand, argues that defense counsel's "no objection" announcement waived all appellate review of the issue. In cases like this one involving alleged instructional plain error, the State's argument has no merit. *See State v. Wurtzberger*, 40 S.W.3d 893, 897–98 (Mo. banc 2001) (holding that an appellate court may engage in plain-error review, even though the complaining party's attorney expressly stated during the instruction conference that he had "no objection" to the later-challenged instruction).

■ To obtain plain-error relief, Defendant must demonstrate more than mere prejudice. *State v. Cates*, 3 S.W.3d 369, 372 (Mo.App.1999). An appellate court is authorized, in its discretion, to review for plain error affecting a defendant's substantial rights "when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "An instructional error rises to the level of plain error only when the appellant demonstrates that the instruction so misdirected or failed to instruct the jury that it is apparent that the error affected the jury's verdict." *State v. Johnson*, 207 S.W.3d 24, 48 (Mo. banc 2006). Consequently, an erroneous instruction seldom causes plain error. *State v. Carney*, 195 S.W.3d 567, 570 (Mo.App.2006); *State v. Thurston*, 104 S.W.3d 839, 842 (Mo.App.2003). Defendant's bifurcated challenge to Instruction No. 6 attacks the form of the instruction and its evidentiary support. We will address each prong of the argument in turn.

*Form of Instruction No. 6*

Defendant argues that the trial court plainly erred in giving Instruction No. 6 because it included certain disjunctives that deviated from pattern instruction MAI–CR 3d 323.02 and paragraph 5 of the Notes on Use, which make it impossible to determine whether the jury's verdict was unanimous. The three supposedly improper sets of disjunctives are underlined below.

## INSTRUCTION NO. 6

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about 2 March 2005, in the County of Crawford, State of Missouri, the defendant took money and cigarettes, which was property owned by Delano Convenience Store, and

Second, that defendant did so for the purpose of withholding it from the owner permanently, and

Third, that defendant in doing so used physical force or threatened the immediate use of physical force on or against Diann Melton for the purpose of preventing resistance to the taking of the property, or forcing Diann Melton to deliver up the property, and

Fourth, that in the course of taking the property, the defendant was armed with a deadly weapon, or displayed or threatened the use of what appeared to be a deadly weapon,

then you will find the defendant guilty under Count I of robbery in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

(Underlining added.) Defendant contends that the inclusion of three sets of disjunctive submissions was improper for two different reasons.

First, Defendant argues that the use of both options in each disjunctive deviated from MAI–CR 3d 323.02 and its Notes on Use, thereby "making it impossible to find that the jury's guilty verdict was unanimous." This Court disagrees. We begin our analysis by examining the relevant portions of this pattern jury instruction. The third and fourth paragraphs state:

Third, that defendant in doing so (used physical force) (or) (threatened the immediate use of physical force) on or against [*name of person threatened or against whom force was applied*] for the purpose of [*Insert one of the following. Omit brackets and number.*]

[1] (preventing) (overcoming) resistance to the taking of the property,

[2] forcing [*name of person who delivered up the property*] (to deliver up the property) (to [*Describe conduct compelled.*] in aid of the taking),

[3] (preventing) (overcoming) resistance to the keeping of the property immediately after the taking, and

Fourth, that in the course of (taking) (obtaining) (using) (transferring) (concealing) (retaining possession of) the property, (the defendant) ([*name of person*]) (or) (another person) [*Insert one of the following. Omit brackets and number.*]

[1] caused serious physical injury to [*name of person*],

[2] was armed with a deadly weapon,

[3] used or threatened the immediate use of a dangerous instrument against [*name of person*],

[4] displayed or threatened the use of what appeared to be a deadly weapon or dangerous instrument. . . .

The MAI–CR 3d section entitled "How to Use this Book" directs that "[i]n the instructions, parentheses enclose words or phrases that will be either omitted or included, depending upon the facts of the case being submitted." *Id.* at iii. Paragraph 5 of the Notes on Use for MAI–CR 3d 323.02 states, in pertinent part:

> Only one option should be used in paragraph Third. Only one option should be used in paragraph Fourth. If more than one of such options is supported by the evidence and is within the scope of the charge, each option so supported and charged may be submitted by a separate instruction. If more than one combination of such options is supported by the evidence and is within the scope of the charge, each combination may be submitted by a separate instruction.

Relying on the above-quoted language directing that "[o]nly one option should be used" in paragraph Third and Fourth, Defendant argues that the State deviated from paragraph 5 by improperly including two options in each of the three disjunctives:

> Third, that defendant in doing so *used physical force or threatened the immediate use of physical force* on or against Diann Melton for the purpose of *preventing resistance to the taking of the property, or forcing Diann Melton to deliver up the property,* and
>
> Fourth, that in the course of taking the property, the defendant was *armed with a deadly weapon, or displayed or threatened the use of what appeared to be a deadly weapon* . . . .

Defendant also argues that, if two options are supported by the evidence and within the scope of the charge, paragraph 5 of the Notes on Use requires the State to submit a separate instruction, which the State did not do.

■ With respect to the first disjunctive, "used physical force or threatened the immediate use of physical force," the State argues and this Court agrees that the use of "(or)" in the patterned instructions allows both the actual use of force and the threatened use of force to be submitted disjunctively. The directions contained in "How to Use This Book" expressly provide that "parentheses enclose words or phrases that will be either omitted *or included.*" (Emphasis added.) There would be no purpose in enclosing "(or)" in parentheses if both options were not permitted to be submitted in the same paragraph.

■ With respect to Defendant's arguments concerning second and third disjunctives, we find *State v. Harney,* 51 S.W.3d 519 (Mo.App.2001), instructive. There, the western district of this Court reviewed a first-degree robbery instruction that hypothesized, respectively, a taking of property in the third paragraph and a retention of property in the fourth paragraph of the verdict-directing instruction. *Id.* at 526. Harney argued that the State could not mix two options in one instruction and that separate instructions were required. The western district rejected both arguments. The *Harney* court first determined that a thorough reading of MAI–CR 3d 323.02 does not support the conclusion that the State cannot "mix and match" options, which in that case were acts of appropriation, in the same verdict director. *Id.* at 530. Next the western district concluded that the Notes on Use "only direct that such option or combination of options '*may* be submitted by a separate instruction.' They do not require separate instructions as the appellant argues." *Id.* at 531 (italics in original and citations omitted). We reach the same conclusions in this case. Therefore, Instruction No. 6 did not deviate from MAI–CR 3d 323.02 or paragraph 5 of the Notes on Use.

■ We are also mindful of Defendant's related argument that the submission of two alternative means makes it impossible to determine whether the jury verdict is unanimous. That argument lacks merit because "the jury need only be unanimous as to the ultimate issue of guilt or innocence, and need not be unanimous as to the means by which the crime was committed." *State v. Fitzpatrick,* 193 S.W.3d 280, 291 (Mo.App.2006); *State v. Thompson,* 112 S.W.3d 57, 66 (Mo.App.2003); *State v. Cox,* 820 S.W.2d 532, 537 (Mo.App.1991).

*Lack of Evidentiary Support*

■ Defendant's argument concerning the alleged lack of evidentiary support for Instruction No. 6 is confined to the first disjunctive, i.e., that he "used physical force or threatened the use of physical force." Defendant concedes that his act of pointing a gun at Melton and demanding money constitutes a "threat" of physical force, but he argues there is no evidence to support a submission that he "used" physical force. This Court disagrees.

The phrase "used physical force" was not defined for the jury, and the first-degree robbery statute itself does not provide a definition. *See* §§ 569.020, 569.010. The comment to the 1973 proposed code explained: "[i]t was felt that the term 'physical force' could not be further defined in such a[way] as to further a jury's understanding and hence no definition is included." VAMS § 569.020 at 8 (West 1999). A review of the relevant case law reveals support for the proposition that pointing a gun at a person constitutes the *threat* to use physical force. *See Simmons v. State,* 782 S.W.2d 771, 773 (Mo.App. 1989) (pointing a gun at the victim is certainly "force" within the meaning of § 569.020, and it is sufficient that such force be "threatened"). On the other hand, there also is support for the proposition that pointing a gun at a person constitutes the *use* of physical force. *See, e.g.,*

*State v. Manis,* 614 S.W.2d 771, 773 (Mo. App.1981) (pointing a deadly weapon at a robbery victim constitutes the "immediate use of physical force"). Based upon the particular facts of this case, we conclude that the first disjunctive submission in paragraph Third of Instruction No. 6 was supported by the evidence because the jury could reasonably have found beyond a reasonable doubt that Defendant both *used* physical force, and *threatened* the use of physical force, to effectuate the robbery.

■ We also note that, even assuming Instruction No. 6 was erroneous for the reasons Defendant contends, he would not be entitled to plain-error relief unless it is apparent to us that the instructional error affected the jury's verdict. *State v. Johnson,* 207 S.W.3d 24, 48 (Mo. banc 2006). We cannot reach that conclusion here. At trial, Defendant was positively identified as the robber by Melton. She testified that she had a clear view of Defendant's face for about three minutes. Melton also testified that Defendant was wearing a red and black coat and a black ball cap during the robbery. Identical clothing was later seized from Defendant's closet by police. Finally, Melton testified that Defendant used a very shiny pistol during the robbery. She identified a gun later recovered by police from underneath the seat of a car Defendant was driving as "the same type of gun that was pointed at [her] that day" by Defendant. Consequently, we are not convinced that altering the form of Instruction No. 6 in the fashion suggested by Defendant would have resulted in an acquittal. Point II is denied.

The judgment of the trial court is affirmed.

BARNEY and LYNCH, JJ., Concur.