**D'Marcus WILLIAMSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 98759.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 18, 2013.

Gwenda Renee Robinson, St. Louis, MO, for appellant.

Chris Koster, Shaun J. Mackelprang, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

D'Marcus Williamson (Movant) appeals from the judgment of the Circuit Court of the City of St. Louis denying, without an evidentiary hearing, his Rule 29.15 motion for postconviction relief. We affirm.

A jury convicted Movant of one count of first-degree robbery. The trial court sentenced Movant to 12 years in prison. This court affirmed the judgment and sentence in a *per curiam* order pursuant to Rule 30.25(b). *State v. Williamson,* 349 S.W.3d 473 (Mo.App.2011). Movant then sought post-conviction relief claiming, as pertinent here, that his trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of second-degree robbery. The motion court denied relief without an evidentiary hearing.

Movant appeals. Additional facts are provided below as relevant to the analysis.

### Standard of Review

Our review of the denial of post-conviction relief by a motion court is limited to the determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Zink v. State,* 278 S.W.3d 170, 175 (Mo. banc 2009). Movant bears the burden of proving his claims by a preponderance of the evidence. Rule 29.15(i). A motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court firmly believes that a mistake was made after it has reviewed the whole record. *Kuhlenberg v. State,* 54 S.W.3d 705, 707 (Mo.App.2001).

To prove ineffective assistance of counsel, a Movant must demonstrate that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and counsel's deficient performance prejudiced him. *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005) (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To satisfy the first prong of this test, a movant must "overcome a strong presumption that counsel provided competent representation by showing 'that counsel's representation fell below an objective standard of reasonableness.'" *Id.* (*quoting Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002)). "Reasonable choices of trial strategy, no matter how ill fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." *Id.* (citing *Cole v. State,* 152 S.W.3d 267, 270 (Mo. banc 2004); *Knese v. State,* 85 S.W.3d 628, 633 (Mo. banc 2002)). To satisfy the second prong of this test, a Movant must show that, had counsel not erred, there would be a reasonable probability that the result of the proceeding would have been different. *Id.* This Court does not need to address both components of the inquiry if the Movant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989).

A Movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the Movant. Rule 29.15(h). *Walker v. State,* 232 S.W.3d 586, 588 (Mo.App.2007).

Thus, to be entitled to an evidentiary hearing on his claim here, Movant was required to have alleged in his motion facts not refuted by the record demonstrating that: his trial counsel, exercising the customary skill and diligence of a reasonably competent attorney, should have requested a jury instruction on second-degree robbery; if he had, one would have been given; and, if it had been given, there was a reasonable probability that he would have been found not guilty of first-degree robbery. See *Brooks v. State,* 51 S.W.3d 909, 914 (Mo.App.2001).

### Discussion

██ In his sole point, Movant contends that his trial counsel was ineffective for failing to request a jury instruction on the lesser-included offense of second-degree robbery. Specifically, Movant argues that, as no deadly weapon was admitted into evidence at trial, the jury could have—and would have, if instructed—found that none was used in commission of the offense.

The motion court denied relief without an evidentiary hearing, reasoning that Movant's claim was inconsistent with his defense of misidentification and, further, the evidence of the use of a handgun was "strong and consistent" throughout the tri-

al, so there was no evidentiary basis for the lesser instruction. We agree with the motion court's assessments.

■ In *McKee v. State*, this court held that counsel was not ineffective for failing to request a lesser offense instruction where the theory of defense was the movant's actual innocence. 336 S.W.3d 151, 154 (Mo.App.2011). "Counsel has no duty to request an instruction that would undermine the entire theory of the case presented at trial." *Id.* Similarly, in *Hendrix v. State*, the court held that counsel was not ineffective for failing to request lesser offense instructions where the theory of the movant's case was self-defense; rather, the decision to pursue an "all-or-nothing defense" was reasonable trial strategy. 369 S.W.3d 93, 100 (Mo.App.2012). *McKee* and *Hendrix* compel the same conclusion here. Counsel cannot be found ineffective for failing to request an instruction for second-degree robbery where his theory was actual innocence.

Moreover, a defendant is not entitled to an instruction on a lesser included offense unless the instruction is supported by the evidence and inferences flowing therefrom. *State v. Lowe*, 318 S.W.3d 812 (Mo.App. 2010). Two eyewitnesses—the owner of the stolen vehicle and his friend—testified that a gun was used to steal the vehicle. Movant simply claimed that he wasn't the culprit. Nothing in the record suggests a version of events in which the offense was committed without a weapon. In short,

there is no evidentiary basis for the lesser instruction.[1] As such, counsel was not ineffective for failing to request it, and there is no reasonable probability that its absence affected the outcome of the trial. In other words, Movant cannot establish prejudice.

The trial court's findings and conclusions are not clearly erroneous, and no evidentiary hearing was required. The judgment of the motion court is affirmed.

SHERRI B. SULLIVAN, J. and GLENN A. NORTON, J., concur.

---

1. The cases cited in Movant's brief are inapposite. For example, *State v. Santillan*, 948 S.W.2d 574 (Mo. banc 1997), involved a murder where the defendant's mental state and deliberation were in question. *State v. Barnard*, 972 S.W.2d 462 (Mo.App.1998), involved allegations of molestation where witness credibility was pivotal. In *State v. Williams*, 313 S.W.3d 656 (Mo. banc 2010), the defendant admitted being present, and the jury could have believed or disbelieved his accomplice's testimony regarding the force used in commission of the offense. In all cases, there was an element of the greater offense in dispute, warranting the instruction down. The same is true for additional cases cited but not discussed in Movant's brief (*Patterson v. State*, 110 S.W.3d 896 (Mo.App.2003) and *Brooks v. State*, 51 S.W.3d 909 (Mo.App. 2001)). Finally, *Stiers v. State*, 229 S.W.3d 257 (Mo.App.2007) was decided on other grounds and the court did not reach the issue.