DON E. BURRELL, J.—
CONCURRING IN RESULT OPINION AUTHOR
I agree that the -judgment of the trial court should be affirmed, but I would affirm without engaging in plain-error review.
Rule 30.20 is no panacea'which-a criminal defendant can use-to obtain appellate review of any alleged error that is un-preserved. “The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review.” State v. White, 92 S.W.3d 183, 189 (Mo.App.2002). Rather, plain error is limited to “error that is evident, obvious and clear.” Id. The proper parameters of plain error review are established by the text of Rule 30.20 itself. It states, in pertinent part, that “plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or -miscarriage of justice has resulted therefrom.” Id. ... [A]n appellate court is not required to engage in plain error review; the decision whether to grant or deny such a request is left to the court’s discretion. State v. Thurston, 104 S.W.3d 839, 841 (Mo.App.2003); State v. Smith, 33 S.W.3d 648, 652 (Mo.App.2000).
State v. Campbell, 122 S.W.3d 736, 739-40 (Mo. App. S.D. 2004)
Because no .complaint whatsoever was voiced at trial about the peril now claimed so egregious as to have required unasked intervention by the trial court to put a stop to it—and no resulting manifest injustice appears—I would exercise our Rule 30.20[6] discretion to deny Defendant’s request for plain-error review.

. Missouri Court Rules (2016).