**Lex Ray APPLEGATE,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14328.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 5, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 27, 1986.

Jon Van Arkel, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Paul Larose, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant appeals from a denial, following an evidentiary hearing, of his motion under Rule 27.26, seeking to vacate convictions of second-degree murder and sodomy. He was sentenced to 99 years' imprisonment for the murder and 10 years for the sodomy. The convictions were affirmed by this court. *State v. Applegate*, 668 S.W.2d 624 (Mo.App.1984).

Movant's point on appeal states:

The trial court erred when it decided defense counsel performed at trial with the degree of skill, care and diligence that is required of a reasonably competent attorney in failing to discover and call Thetis Applegate as a witness on appellant's behalf in that Thetis Applegate was available and his testimony would have been helpful to appellant.

The victim of the crimes was Donald Eugene Medley, a male child about two and one-half years of age. He was injured on February 13, 1981 at the apartment where movant, his wife, and her two children, Donald and Shawn, lived. Shawn was just under two years of age. Donald and Shawn were born of movant's wife before she and movant were married. Defendant testified that Donald died as a result of a fall down a flight of stairs. At the time Donald was injured, movant, Donald, and Shawn were present in the apartment. Movant's wife was at work.

At the hearing on movant's 27.26 motion, Thetis Applegate testified. He said that he and movant were "Second or third cousins". He stated that he had "stayed" with movant, his wife, and the two boys before 1981, "a week or two at a time and they've stayed with me." When asked if he had seen movant's wife physically punish the children, he replied, "I seen her whip them. I couldn't say what you call a beating, but I seen her whip them." He said he had also seen movant "whip them, but not as hard as she would." He said their mother would punish them "when they needed it, I guess. I've seen her whip them several times." Thetis Applegate testified that movant's trial attorney had never contacted him.

The trial court found that the testimony of Thetis Applegate was not helpful to movant. It found that his testimony of the mother's punishment of the children "was not inconsistent with ordinary disciplining of children." The court determined that movant did not receive ineffective assistance of counsel by his attorney not calling Thetis Applegate as a witness.

"To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different; a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

Deciding which witnesses to call is a matter of trial strategy which generally does not provide an adequate basis for an attack on the competency of counsel. *Hulsey v. State*, 631 S.W.2d 368, 370 (Mo.App. 1982).

If the testimony of Thetis Applegate would have been offered to show that movant's wife might have inflicted the injury, it would have fallen short. It did not indicate that she had ever beaten the children severely. In addition, movant testified at trial that he was alone with the children when Donald was injured. Based on mov-

ant's testimony, his wife could not have inflicted Donald's injury.

The issue for the jury was whether the child fell or was intentionally injured while movant was the only adult with him. If movant had presented Thetis Applegate's testimony, one or more of the jurors might have inferred that movant knew his case was weak and was desperate for any kind of evidence he could find, no matter how irrelevant.

Movant's counsel cannot be faulted for not calling Thetis Applegate as a witness. There is no indication that this testimony was likely to change the outcome in movant's favor. It could have been harmful to his defense. No basis has been shown on which to establish ineffective assistance of counsel.

The judgment is affirmed.

HOGAN, P.J., and MAUS, J., concur.

CROW, J., not participating.