710 S.W.2d 921 (1986)
STATE of Missouri, Plaintiff-Respondent,
v.
Lex A. DUGGAR, II, Defendant-Appellant.
No. 13800.
Missouri Court of Appeals, Southern District, Division Two.
May 29, 1986.
David Robards, Joplin, for defendant-appellant.
William L. Webster, Atty. Gen., Leah A. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.
HOGAN, Presiding Judge.
A jury has found defendant Lex A. Duggar guilty of robbery in the second degree in violation of § 569.030, RSMo 1978.[1] The trial court found the defendant to be a persistent offender within the meaning of § 558.016.2, as amended, Laws of Mo.1981, p. 636. The defendant appeals, questioning the sufficiency of the evidence to show that the defendant "forcibly stole" the currency taken as required by § 569.030.
Because the State had a verdict, it is entitled to have the evidence taken and considered by this court in that light most favorable to the State, accepting all reasonable inferences which may be drawn from the evidence and rejecting all evidence and inferences which do not support the verdict. State v. Franks, 688 S.W.2d 787, 788 (Mo.App.1985); State v. Netzer, 579 S.W.2d 170, 173 (Mo.App.1979).
So viewed, the evidence was that about "10:30 [p.m.], somewhere around there," one Steve Birkinsha, age 22, was working a cash register in a convenience store known as the Quik-Trip. Birkinsha was the Second Assistant Manager of the store which was located at Fourth and Gray in Joplin.
A pickup pulled up to one of the self-service islands. Birkinsha "cleared the pump" and the occupant of the pickup (defendant) pumped "[s]even dollars [worth of]" gas from the pump. Defendant walked into the store; Birkinsha told the defendant "Seven dollars on gas" and asked the defendant if he would like anything else. Defendant *922 replied "All [of] the money out of your [cash] register." Birkinsha asked the defendant if defendant "was serious." The defendant replied that he was. Birkinsha opened the register, defendant took the money in the register and departed. Concerning the circumstances of the taking, Birkinsha testified:
* * * * * *
"Q. Was he wearing a jacket or a shirt, or what was he wearing?
A. Wearing a jacket.
Q. And was his right hand in the pocket of the jacket?
A. Right.
Q. Do you know whether or not he had a gun, Steve?
A. I have no idea."
* * * * * *
The defendant spoke in a low key, seemed very serious to Birkinsha, and appeared to know that Birkinsha had set off an automatic alarm system in the course of opening the cash register. The defendant did not offer physical violence, did not display any weapon and made no threats. Birkinsha testified that he "felt threatened."
Upon this evidence, the defendant's counsel has advanced two assignments of error. Essentially, the first point is that there is no evidence that defendant "forcibly" stole the money. The statutory phrase "threatens the ... use of physical force," made applicable by § 569.010(1) has yet to receive a definitive construction, but a panel of this court has refused to construe that phrase more narrowly than the words "putting [the victim] in fear of some immediate injury to his person" which appeared in our former robbery statute, § 560.120, RSMo 1969. Moreover that same panel held that the force necessary to constitute robbery may be constructive as well as actual, and may consist in the intimidation of the victim, or putting him in fear. State v. Foster, 665 S.W.2d 348, 349-50 (Mo.App.1984), and see generally, State v. Medley, 353 Mo. 925, 927-29, 185 S.W.2d 633, 634[1, 2] (1945). The defendant in this case had a firm purpose, an unusual knowledge of the internal security system in the cash register, and a hand concealed in his jacket. This court cannot say as a matter of law that there was no substantial evidence to support the submission of robbery in the second degree.
The defendant's second point is a two-part claim of instructional error. The trial court, recognizing that a jury might well find that the money was taken without that order of force which is an essential element of second-degree robbery, instructed the jury on stealing from the person without consent. The defendant in effect concedes that the proper way to submit the case was to submit stealing without consent as a lesser-included offense, and the precedents so hold. State v. Parker, 324 S.W.2d 717, 721-22 (Mo.1959); State v. Davis, 577 S.W.2d 110, 114 (Mo.App.1978); State v. Nylon, 563 S.W.2d 540, 543 (Mo. App.1978).
However, the defendant says the trial court should have submitted his tendered Instruction "A", which hypothesized misdemeanor stealing without consent, rather than Instruction No. 6, which submitted stealing without consent from the person, defendant expansively argues, created a variance between the offense charged and the proof required. The information merely charged robbery from the possession of Quik-Trip, but the order of variance contended for by the defendant, if it is such, was considered by our colleagues at St. Louis at length in State v. Manns, 533 S.W.2d 645, 648-49[5, 6][7] (Mo.App.1976), and held not to be prejudicial.
The real substance of defendant's second point is that the trial court should have submitted only misdemeanor stealing without consent because he took less than $150. Such argument studiously ignores the fact that at the hearing on enhanced punishment, it was shown beyond cavil that the defendant had twice previously been convicted of stealing without consent. Given the language of § 570.040, defendant could in no event have been guilty of misdemeanor stealing. The point is without *923 merit, and accordingly the judgment is affirmed.
PREWITT, C.J., and MAUS and CROW, JJ., concur.
NOTES
[1] References to statutes are to RSMo 1978, except where otherwise specifically noted.