**STATE of Missouri, Plaintiff–Respondent,**

v.

**Anthony CLARK, Defendant–Appellant.**

**No. 56973.**

Missouri Court of Appeals, Eastern District, Division One.

May 29, 1990.

Michael L. Lyons, Office of State Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury of second degree robbery, § 569.030, RSMo 1986; the court sentenced him in accordance with the jury's assessment to five years' imprisonment. We affirm.

In his sole point on appeal defendant contends that

[t]he trial court erred by overruling [his] motion for judgment of acquittal at the close of the entire case because the evidence was insufficient to sustain a conviction for robbery in the second degree in that [defendant] did not use or threaten the use of physical force.

The standard of review for sufficiency of the evidence is whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Reed,* 759 S.W.2d 645, 645–46 (Mo.App.1988). The following evidence supports defendant's conviction: An employee of a fast-food restaurant was running the cash register and cooking. She saw two persons in an automobile which parked in an unmarked spot near an exit on the adjoining parking lot. Defendant was the passenger. Defendant exited the car and entered the restaurant. He was dressed in a T-shirt and black slacks. The employee estimated his height at six feet and his weight at about three hundred and fifty pounds. She testified he had "a

little bit of a beard and mustache." He passed the restaurant's cash register on the counter to his left and went into a bathroom. He returned from the bathroom and ordered a cheeseburger and a courtesy cup of water. As the employee was ringing up his order on the cash register, defendant slid a note across the counter to her.[1] At trial she testified, "It [the note] said something to the effect that it was a hold-up and to give him the money out of the register." She took the bills from the register and placed them on the counter. Defendant picked them up and ran out the door to the waiting car which fled after he entered it. A manager who was just arriving at the restaurant pursued and managed to obtain the license plate number of the car and a view of defendant. Defendant was arrested later the same day after an officer stopped him while he was driving the car used in the getaway. On cross-examination the employee to whom defendant gave the note testified as follows:

Q. ... When this individual [the robber] came in and handed you the note, okay, did he display a gun?

A. No.

Q. Did he threaten you?

A. No.

Q. Okay. Did he exert any force upon you?

A. No.

Q. Okay. Did he do anything, gestures like?

A. I couldn't see his hands.

. . . .

A. ... They were down below the counter.

. . . .

Q. He slid the note across and he obviously—do you remember which hand he did that with?

A. No, I don't.

Q. But he didn't obviously have a gun in that hand?

A. No.

Q. When he turned and walked away were you able to see his hands?

A. Yes, I was.

Q. Was there any weapon in his hand?

A. No.

Q. Was he wearing a jacket?

A. No.

Q. Was he wearing trousers?

A. Pair of black slacks.

. . . .

Q. ... I just want to make it clear. He didn't threaten you. He just handed you this note that says: This is a hold-up. Give me all the money in the register?

A. Right.

Q. And that's what you did?

A. (Indicating.)

. . . .

Q. Okay. And other than this note—I just want to clear this up. The person who took the money never threatened you; did he?

A. I thought the note was a threat.

The crime of second degree robbery is found in section 569.030, RSMo 1986:

> 1. A person commits the crime of robbery in the second decree when he forcibly steals property.
>
> 2. Robbery in the second degree is a class B felony.

"Forcibly steals" is defined is section 569.-010, RSMo 1986:

> (1) "Forcibly steals", a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft;....

In a typical robbery the robber has used physical force on the victim, or has threatened such force by displaying a weapon or engaging in conduct which gives the ap-

---

**1.** Although not included in the record on appeal, the note was entered into evidence at trial.

pearance that he is armed. *See, e.g., State v. Butler,* 719 S.W.2d 35 (Mo.App.1986) (force used), *State v. McCombs,* 772 S.W.2d 401 (Mo.App.1989) (weapon displayed), *State v. Duggar,* 710 S.W.2d 921 (Mo.App. 1986) (appearance armed). We found no Missouri cases involving the specific issue presented to us here; however, courts of other states have confronted it.

In applying a statute similar to ours, the Superior Court of Pennsylvania relied upon the defendant's statement that he was committing a "stickup" in affirming the conviction. As part of its holding the court stated: "Appellant's conduct clearly constitutes threatening another with serious bodily injury. Informing a person of a 'stickup' conveys a threat of injury if property is not surrendered." *Commonwealth of Pennsylvania v. Mays,* 248 Pa.Super. 318, 375 A.2d 116, 117 (Pa.Super.1977).

In *Brown v. State,* 397 So.2d 1153 (Fla. App.1981), the defendant handed a bank teller "a note on which was written, 'this is a holdup!'" *Id.* at 1154. In affirming his conviction for robbery the court stated, "The expression 'holdup,' in its ordinary significance, means a forcible detention of the person held with the intent to commit robbery and implies the necessary force to carry out that purpose." *Id.* at 1155 (*citing State v. Anderson,* 53 Or. 479, 101 P. 198, 200 (1909)).

The message in the note: "This is a holdup. Give me all the money in the register," or words to that effect, satisfies the requirement of "forcibly steals" in our second degree robbery statute. Under the circumstances, the message was at least a threat to use immediate physical force for the purpose of compelling the employee to deliver up the money from the cash register. Defendant's point is without merit. The evidence was sufficient to take the case to the jury.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.