**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Reginald ROUNDS,
Defendant/Appellant.**

**Reginald ROUNDS,
Petitioner/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

Nos. 57096, 57840.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 1990.

Christopher E. McGraugh, Clayton, Henry B. Robertson, Melinda K. Pendergraph, James S. McKay, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

GRIMM, Judge.

Defendant Reginald Rounds appeals from his conviction of robbery in the second degree. He also appeals the denial of his Rule 29.15 motion to vacate sentence. We affirm.

In his first point, defendant claims the trial court erred in overruling his motion for acquittal; because the State did not present sufficient evidence to sustain a second degree robbery conviction. He contends the evidence did not establish he used or threatened to use physical force. We disagree; the State presented sufficient evidence from which a jury could find defendant threatened to use immediate physical force.

Second, defendant claims the motion court erred in overruling his Rule 29.15 motion; because motion counsel failed to have defendant verify an amended motion and this failure, which resulted in the dismissal of the amended motion, constituted a complete failure of legal services. Because we find the additional point raised in the amended motion to be without merit, defendant was not prejudiced by the failure.

## I. Background

When a defendant challenges the sufficiency of the evidence in a jury-tried case, we review only to determine whether there was sufficient evidence from which reason-

able jurors could have found defendant guilty as charged. *State v. Walker*, 743 S.W.2d 99, 101 (Mo.App.E.D.1988). Furthermore, we view the evidence in the light most favorable to the State and accord the State the benefit of all reasonable inferences to be drawn therefrom. *State v. Brown*, 744 S.W.2d 809, 810 (Mo.banc 1988).

■ The evidence indicates the following. On December 12, 1988, at approximately 11:30 p.m., the 18–year–old victim was working as a clerk in a convenience store in Charlack, Missouri. While victim was waiting on another customer, defendant entered; defendant was described as a tall black man, wearing a black trench coat.

After the customer left, defendant came up behind victim and "got" him on the shoulder. Then defendant said he was going to take all the money from the cash register and warned victim "not to be a hero and try to call the police or [defendant] was going to blow [victim's] head off."

Defendant kept his left hand in his trench coat pocket as he threatened victim and as he grabbed the money with his other hand. Although defendant did not display a gun, victim thought defendant had a gun in his pocket.

A Charlack police officer was patrolling the area in a marked police car. The officer saw defendant running from the convenience store to a car parked on the lot and followed the car as it pulled onto the highway. When the officer received a radio call notifying him of a robbery at the convenience store, he stopped the car.

Two people were in the car, a female driver and defendant. They were detained until a second officer brought victim to the scene. Victim identified defendant as the "person who robbed him." The officer arrested defendant, took him to the police station, searched him, and found a wad of bills in defendant's underwear. No weapon was found on defendant.

## II.  Sufficiency of Evidence

In his first point, defendant contends the "trial court erred by overruling [defen-

dant's] motion for judgment of acquittal at the close of the entire case because the evidence was insufficient to sustain a conviction for robbery in the second degree in that [defendant] did not use or threaten the use of physical force."

Defendant's argument is twofold: (1) because defendant did not push or pull the victim, there was insufficient physical force and (2) there was no threat of immediate physical force; because defendant did not threaten immediate harm, but only future harm, and the victim was not scared.

■ The threat of physical harm need not be explicit; it can be implied by words, physical behavior or both. *State v. Duggar*, 710 S.W.2d 921, 922 (Mo.App.S.D. 1986). "[T]he force necessary to constitute robbery may be constructive as well as actual, and may consist [of] the intimidation of the victim, or putting him in fear." *Id.*

Here, defendant came up from behind victim and "got" victim on the shoulder. In addition, defendant had his hand in his pocket, implying he was armed with a weapon. Defendant warned victim "not to be a hero and try to call the police or [defendant] was going to blow [victim's] head off." Victim felt "pretty nervous," a not unusual reaction to defendant's words and actions.

The evidence here was sufficient to support the submission of second degree robbery. The trial court did not err in overruling defendant's motion for acquittal. Point denied.

## III.  Ineffective Assistance of Counsel

In his second point, defendant alleges the "motion court clearly erred in dismissing [his] Rule 29.15 motion for post-conviction relief because motion counsel's failure to have [defendant] verify his amended motion, which resulted in its being dismissed, constituted a complete failure to supply legal services."

The amended, unverified motion, alleges counsel was ineffective because he failed to call defendant's employer who would have testified that the day the robbery was com-

mitted was a payday. Defendant claims this evidence would have explained the wad of bills police found in his underwear and convinced the jury of his innocence.

In order to sustain a claim of ineffective assistance of counsel, defendant must clearly establish the additional witnesses would have been "helpful"; their testimony must have had a "reasonable probability" of affecting the jury's decision. *Porter v. State*, 596 S.W.2d 480, 482 (Mo.App.E.D.1980); *Applegate v. State*, 705 S.W.2d 110, 111 (Mo.App.S.D.1986). "In determining whether a reasonable probability exists, the court ... must consider the totality of the evidence before the fact finder." *Jones v. State*, 773 S.W.2d 156, 158 (Mo.App.E.D.1989).

Here, trial counsel presented a witness who testified she and defendant were paid on the day of the robbery. In considerable detail, she told how and where they cashed their checks together, about other stores they visited, and about several other events. At best, the testimony of the uncalled witness would be merely cumulative of a portion of this witness's testimony.

Here, the State's evidence was strong; it included victim's testimony and his identification of defendant as the robber within ten minutes of the robbery. A police officer saw defendant run from the convenience store, and the same officer arrested defendant approximately five minutes later. Finally, police discovered money concealed in defendant's underwear which corresponded to the amount taken in the robbery.

Thus, even if we assume trial counsel failed to call the additional witness, this additional witness's testimony would not have had a "reasonable probability" of affecting the jury's decision. *Porter*, 596 S.W.2d at 482. Point denied.

The judgments of the trial court are affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concurs.