James **PATTERSON**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 61092.**

Missouri Court of Appeals,
Western District.

July 31, 2003.

———

Susan L. Hogan, Kansas City, MO, for appellant.

Karen L. Kramer, Jefferson City, MO, for respondent.

Before ELLIS, C.J.,
BRECKENRIDGE and NEWTON, JJ.

PATRICIA BRECKENRIDGE, Judge.

James Patterson appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. On appeal, Mr. Patterson claims that the motion court clearly erred in denying his Rule 29.15 motion because his trial counsel was ineffective for (1) submitting a defective proposed lesser-included offense instruction; (2) failing to object to portions of the testimony of a State's witness; (3) failing to call an alibi witness and to impeach a State's witness; and (4) failing to use two peremptory challenges and failing to move to replace a sleeping juror. This court finds that the motion court clearly erred in finding that Mr. Patterson's trial counsel was not ineffective for submitting an improperly drafted lesser-included offense instruction. Accordingly, the judgment denying Mr. Patterson's post-conviction motion is reversed, his conviction and sentence are vacated, and the cause is remanded for a new trial. Consequently, this court will not consider the issues raised in Mr. Patterson's remaining points, as they are unlikely to occur on retrial.

**Factual and Procedural Background**

On the evening of April 25, 1996, Mr. Patterson entered a Long John Silver's restaurant in Platte County and approached Theresa Kraus, who was working behind the counter. Mr. Patterson had his left hand partially covering his face and his right hand in his jacket pocket, in which he appeared to have something pointed at Ms. Kraus. Mr. Patterson demanded that Ms. Kraus give him "all the money." When Ms. Kraus did not respond quickly enough, Mr. Patterson shouted, "Open this goddamn register now," and, then, "Hurry up bitch." Mr. Patterson reached across the counter with his left hand, grabbed some money from Ms. Kraus' shirt pocket and, after Ms. Kraus opened the register, took the money from the register. Ms. Kraus had put the money in her pocket from a cash register drawer that was too full. She was carrying the money in her pocket because she was going to put it in a safe after she waited on a customer.

Mr. Patterson quickly exited the restaurant with the cash in his left hand, passing Mary Lufkin and her husband as they were opening the door to enter the restaurant. When someone announced that there had been a robbery, Mrs. Lufkin told her husband to follow Mr. Patterson. The Lufkins saw Mr. Patterson walk behind a row of parked semi-trucks, and watched as car lights came on from behind the row of semis and Mr. Patterson's feet disappeared up into the car. They then saw a newer model maroon, four-door car drive out from behind the row of semis and onto the road. A woman was driving the car. Mrs. Lufkin wrote down the license plate number after the car drove past her.

The police later ran a computer check on the license number that Mrs. Lufkin had recorded. The computer check indicated that the maroon car seen leaving the parking lot belonged to Margaret Patterson. The records further indicated that Mrs. Patterson was married to James Patterson.

The following day, Mr. Patterson and his wife were arrested in St. Joseph. Detectives took a picture of Mr. Patterson, which they placed in a photographic lineup that was shown to the witnesses of the crime. Ms. Kraus and Brenda Watkins, who had witnessed the incident through the drive-through window, positively identified Mr. Patterson from that photographic lineup.

Mr. Patterson was subsequently charged by information with second degree robbery, section 569.030, RSMo 2000.[1] A jury trial was held and, on January 21, 1997, the jury found Mr. Patterson guilty. The trial court sentenced Mr. Patterson as a prior and persistent offender to a term of twenty years in prison. Mr. Patterson appealed his conviction and sentence, and this court affirmed them in an order opinion. *State v. Patterson*, 34 S.W.3d 455 (Mo.App.1999).

After this court affirmed his conviction and sentence, Mr. Patterson timely filed a motion for post-conviction relief under Rule 29.15, asserting that he had received ineffective assistance of trial counsel for various reasons. Following an evidentiary hearing, the motion court entered its findings of fact and conclusions of law finding that Mr. Patterson's claims lacked merit and denying his motion. This appeal followed.

## Standard of Review

In reviewing an order sustaining a motion for post-conviction relief, this court is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Such a finding will be made only if, after a review of the entire record, the appellate court "is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

To prevail on his claim of ineffective assistance of counsel, Mr. Patterson must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, he must show (1) that his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would in a similar situation and (2) that he was prejudiced by that failure. *Id.* at 687, 104 S.Ct. at 2064. Both prongs of *Strickland* must be met, and if Mr. Patterson fails to satisfy either prong, this court does not need to consider the other. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). To establish the performance prong, Mr. Patterson "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Id.* To establish prejudice, he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068).

## Trial Counsel Ineffective for Submitting Defective Instruction

In his first point, Mr. Patterson argues that he received ineffective assistance of counsel because his trial counsel submitted

---

**1.** All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise indicated.

a "defective" proposed instruction on the lesser-included offense of stealing. Mr. Patterson claims that the instruction was defective because it did not properly track the patterned instruction for felony stealing, MAI–CR3d 324.02.1.

■ Under Rule 28.02(b), Mr. Patterson was required to submit any proposed instructions and verdict forms in writing to the trial court. *State v. Derenzy,* 89 S.W.3d 472, 475 (Mo. banc 2002). "Where an applicable MAI–CR instruction exists, it must be given to the exclusion of any other instruction." *Deck v. State,* 68 S.W.3d 418, 430 (Mo. banc 2002).

■ Here, Mr. Patterson was charged with second degree robbery. A person commits second degree robbery when he "forcibly steals property." Section 569.030.1. A person "forcibly steals," thereby committing second degree robbery, if, "in the course of stealing" the person "uses or threatens the immediate use of physical force upon another person for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or . . . [c]ompelling the owner of such property or another person to deliver up the property[.]" Section 569.010(1). A lesser-included offense of second degree robbery is stealing. *State v. Ide,* 933 S.W.2d 849, 851 (Mo.App.1996). "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." Section 570.030, RSMo 1994. The offense of stealing is transformed into the greater offense of second degree robbery when the stealing is accomplished "forcibly." *Ide,* 933 S.W.2d at 851.

At trial, Mr. Patterson's attorney offered the following argument in an attempt to get the trial court to give an instruction on the lesser-included offense of stealing:

Your Honor, their evidence, it was that there was no physical force or threat. And that the jury could find from the testimony of the State's witnesses that in fact there was a stealing, and in fact the property was taken from the lady's—stolen from the lady's breast pocket. And that it was done without physical threat or force. And therefore I believe the 324.02.3, stealing, felony stealing would be appropriate, if the jury found that there was more than a hundred and fifty dollars taken.

At the time of Mr. Patterson's trial in 1997, MAI–CR3d 324.02.3, the patterned jury instruction for stealing by coercion, which defense counsel argued should be submitted, provided in part:

(If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date*], in the (City) (County) of ——, State of Missouri, the defendant (took) (obtained) (used) (retained possession of) (transferred) (concealed) [*Describe property or services.*], (property) (services) (owned by) (in the possession of) (in the charge of) (operated by) (provided by) [*name of victim*], and

Second, that defendant did so by coercion by threatening to commit the crime of [*name of crime*] by [*Describe conduct threatened.*], and

Third, that defendant (took) (obtained) (used) (transferred) (concealed) (retained) such (property) (services) for the purpose of (withholding it from the owner permanently) (,)(or) (using or disposing of it in such a way that made recovery by the owner unlikely,) and

Fourth, that the (property) (services) so (taken) (obtained) (used) (retained) (concealed) (transferred) had a (combined) value of at least one hundred fifty dollars,

then you will find the defendant guilty (under Count ——) of (felony) (misdemeanor) stealing by coercion.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of the propositions, you must find the defendant not guilty of that offense.

Instead of submitting an instruction in the proper form of MAI, Mr. Patterson's counsel submitted the following instruction for stealing by coercion to the court:

## INSTRUCTION NO. A

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about April 25, 1996, in the County of Platte, State of Missouri, the defendant *forcibly stole* United States currency owned by Long John Silver's Restaurant, and

Second, that defendant did so by coercion by threatening to commit the crime of stealing by stating "give me the money, open the door, bitch",

Third, that defendant took such property for the purpose of withholding it from the owner permanently, and

Fourth, that the property so taken had a value of at least one hundred fifty dollars,

then you will find the defendant guilty of felony stealing by coercion.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

(Emphasis added.) Counsel then offered the same argument in support of the submission of a misdemeanor version of this same instruction if the amount stolen was less than $150. The misdemeanor instruction also included the "forcibly stole" language.

The State summarily argued against these instructions, citing to *State v. Rounds,* 796 S.W.2d 84 (Mo.App.1990). In *Rounds,* the Eastern District held that evidence that the defendant had his hand in his pocket, implying that he had a weapon, while stating that he was going to take the money from the register and would blow the victim's head off if his demands were not met sufficiently supported the defendant's conviction of second degree robbery. *Id.* at 86. After hearing both sides' arguments, the trial court refused to give either of Mr. Patterson's proposed instructions and did not give the jury any instruction on the lesser-included offense of stealing.

■ In his motion for post-conviction relief, Mr. Patterson argued, *inter alia,* that the proposed stealing instructions improperly included the "forcibly stole" language. Mr. Patterson asserted in his motion that the evidence supported the giving of an instruction on the lesser-included offense of felony stealing and that the trial court would have been required to give a properly drafted instruction. Thus, Mr. Patterson claimed that trial counsel was ineffective for failing to present the court with such an instruction. In denying Mr. Patterson's claim, the motion court found that "the lesser-included instructions were not defective, they were based on the evidence that was presented at trial."

On appeal, Mr. Patterson argues that this finding by the motion court is clearly erroneous and that it should have found that trial counsel was ineffective for failing to present the court with a drafted instruction that conformed with MAI–CR3d 324.02.1, stealing without consent. To establish that trial counsel was ineffective in this regard, Mr. Patterson must prove the first prong of the *Strickland* test, i.e., that trial counsel failed to exercise the level of skill and diligence of a reasonably compe-

tent attorney. With regard to this prong, the State concedes that the instructions submitted by Mr. Patterson's trial counsel were defectively drafted in that they improperly included "forcibly stole" language in an instruction for stealing. As noted previously, the offense of stealing does not include the element of force, and it is when the stealing is accomplished "forcibly" that the offense is raised to second degree robbery. *Ide*, 933 S.W.2d at 851. In submitting stealing instructions that included "forcibly stole" language, Mr. Patterson's counsel materially misstated the elements of stealing in the instructions.

In addition, Mr. Patterson's trial counsel was also incorrect in suggesting that the trial court should give MAI–CR 3d 324.02.3 rather than MAI–CR 3d 324.02.1. MAI–CR 3d 324.02.3 is the patterned instruction for stealing by coercion. At the time of Mr. Patterson's trial, coercion was defined, in relevant part, as "a threat, however communicated ... to commit any crime." MAI–CR3d 333.00 (July 1, 1997). In arguing for the submission of a lesser-included offense instruction, however, Mr. Patterson's trial counsel did not say that Mr. Patterson's actions were stealing because he took the money by threatening to commit a crime. Instead, he asserted that Mr. Patterson's actions were stealing because he took the money from Ms. Kraus' pocket without physical force or threat. Thus, the appropriate patterned lesser-included offense instruction under these facts was MAI–CR 3d 324.02.1, stealing without consent, which at the time of Mr. Patterson's trial, provided, in part, that a defendant is guilty of felony stealing if the jury finds that he physically took property in the possession of or in the charge of a victim from the victim's person without the victim's consent. Therefore, because trial counsel's proposed lesser-included offense instructions incorrectly included "forcibly stole" language and were patterned after the wrong instruction, the motion court clearly erred in finding that they were not defective.

■■■■ Although the submitted instructions were defective, trial counsel still may not have been ineffective for submitting them if his action was a matter of reasonable trial strategy. " '[A]n objectively reasonable choice not to submit an available instructions does not constitute ineffective assistance of counsel.' " *State v. Kelley*, 901 S.W.2d 193, 204–05 (Mo.App. 1995) (quoting *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984)). "When the failure to request a lesser-included instruction is a matter of strategy, the court should not second guess the defendant's counsel." *State v. Dexter*, 954 S.W.2d 332, 344 (Mo. banc 1997). The record in this case, however, clearly precludes a finding that trial counsel's failure to submit a properly drafted instruction on the lesser-included offense was a matter of trial strategy. Trial counsel expressly requested that the trial court submit a lesser-included offense instruction, arguing that the jury could find from the record that the defendant did not use or threaten to use physical force against anyone. Counsel clearly made a strategic decision to have the jury instructed on the lesser-included offense of stealing but then failed to execute that strategy when he submitted instructions to the court that did not properly track the language of MAI–CR3d 324.02.1, the appropriate lesser-included offense instruction, and misstated a material element of the offense of stealing.

Therefore, while Mr. Patterson's trial counsel verbally requested that the trial court give an instruction for felony stealing, the proposed instructions that he provided to the court varied substantively from the MAI patterned instruction and could properly have been rejected by the

trial court on that basis. *Derenzy*, 89 S.W.3d at 475. A reasonably competent attorney · seeking to have the trial court submit an instruction for the lesser-included offense of felony stealing would have presented the court with an instruction that accurately tracked the language of MAI–CR3d 324.02.1. It was not reasonable trial strategy for Mr. Patterson's trial counsel not to do so. As such, Mr. Patterson has met the performance prong of the *Strickland* test.

■ Having determined that counsel's performance was deficient, this court must next consider whether Mr. Patterson was prejudiced by counsel's performance. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2064. Mr. Patterson claims that he was prejudiced because if trial counsel had submitted a proper stealing instruction, the trial court would have been required to accept it because the evidence at trial would have supported an acquittal for second degree robbery and a guilty verdict for felony stealing.

■ This court will find trial counsel ineffective for failing to request a lesser-included offense instruction if the instruction was warranted by the evidence. *See Perkins v. State*, 77 S.W.3d 21, 25 (Mo.App.2002). "In determining whether a basis existed to support a lesser-included offense instruction, [this court] view[s] the evidence in the light most favorable to defendant." *State v. Craig*, 33 S.W.3d 597, 601 (Mo.App.2000). A trial court must give a lesser-included offense instruction " 'if the evidence, in fact or by inference, provides a basis for both an acquittal of the greater offense and a conviction of the lesser offense, and if such instruction is requested by one of the parties or the court.' " *Brooks v. State*, 51 S.W.3d 909, 914 (Mo.App.2001) (quoting *State v. Hahn*, 37 S.W.3d 344, 349 (Mo.App.2000)).

Under this standard, this court must consider whether the evidence presented at trial and the reasonable inferences drawn therefrom provided a basis for acquitting Mr. Patterson of robbery in the second degree and convicting him of felony stealing. As noted previously, "[a] person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." Section 570.030, RSMo 1994. Under Missouri law, the offense of stealing is transformed into the greater offense of second degree robbery when the stealing is accomplished "forcibly." *Ide*, 933 S.W.2d at 851. Accordingly, in this case, the critical issue in determining whether the jury should have been instructed on the lesser-included offense of felony stealing is whether the jury could have found from the evidence that Mr. Patterson stole the money from the restaurant but did not do so forcibly.

■ A person "forcibly steals," thereby committing second degree robbery, if, "in the course of stealing" the person "uses or threatens the immediate use of physical force upon another person for the purpose of ... [p]reventing or overcoming resistance to the taking of the property or ... [c]ompelling the owner of such property or another person to deliver up the property[.]" Section 569.010(1). To "forcibly steal" from a victim, "[t]he threat of physical harm need not be explicit; it can be implied by words, physical behavior or both." *State v. Neal*, 36 S.W.3d 814, 816 (Mo.App.2001). The requisite threat of physical force may be implied from the fact that the defendant displayed a weapon, engaged in behavior that gave the appearance that he was armed, or used of phrases like, "This is a holdup," or that it is a "stickup." *State v. Clark*, 790 S.W.2d 495, 496–97 (Mo.App.1990). Fur-

thermore, it does not matter whether the defendant is capable of inflicting the physical harm threatened upon the victim. *State v. Foster*, 665 S.W.2d 348, 351 (Mo. App.1984). For example, it is enough that "the robber flourishes a harmless imitation pistol or falsely pretends to be pointing a pistol supposedly concealed in his pocket." *Id.*

Here, the undisputed evidence, including a surveillance video of the crime, established that, during the robbery, Mr. Patterson kept his right hand in his jacket pocket while telling Ms. Kraus to give him "all the money." When Ms. Kraus did not respond quickly enough, Mr. Patterson shouted, "Open this goddamn register now," and, then, "Hurry up bitch," followed by several more "hurry up" comments. Mr. Patterson then reached across the counter with his left hand, and grabbed some money from Ms. Kraus' shirt pocket. After the register was open, Mr. Patterson reached inside and took money out of it. Mr. Patterson kept his right hand in his jacket pocket from the time he entered the store until the time he left. None of the witnesses ever saw a weapon, but both Ms. Kraus and Ms. Watkins testified that they thought he had a weapon in his pocket. The foregoing evidence was certainly sufficient to support a finding by the jury that Mr. Patterson threatened the use of immediate physical harm upon the store employees by holding his right hand in his jacket pocket in a manner consistent with having a pistol and by otherwise acting and speaking in a manner consistent with an armed holdup. *See Clark*, 790 S.W.2d at 496–97.

Yet, the record in this case also would have allowed a juror to reasonably find that Mr. Patterson did not actually use physical force upon another person during the course of the theft and he did not explicitly threaten immediate physical harm to anyone. Furthermore, while the evidence in the record supports a finding that Mr. Patterson implicitly threatened immediate use of physical force upon Ms. Kraus through his words and behavior, it does not preclude a finding to the contrary. *See Brooks*, 51 S.W.3d at 915–16; *State v. Duggar*, 710 S.W.2d 921, 921–22 (Mo.App.1986).

The facts in this case are similar to the facts in *Brooks* and *Duggar*, where the appellate court held that the facts warranted an instruction on the lesser-included offense of stealing. In *Brooks*, this court reversed the motion court's denial of a Rule 29.15 motion without an evidentiary hearing where the defendant claimed that his trial counsel was ineffective for failing to have the court give a stealing instruction in his robbery trial. *Brooks*, 51 S.W.3d at 915–16. In *Brooks*, the evidence established that an individual wearing sunglasses, a cap, and jacket and holding a bloody rag over his face entered a Subway restaurant and demanded that an employee hand over the money. *Id.* at 911–12. One witness testified that she saw the barrel of a gun in the perpetrator's hand, but two other witnesses testified that they did not see a gun. *Id.* at 912. The police officers chasing the defendant testified that they did not find a gun on him when they made their arrest and they had not seen him throw anything from his car. *Id.* In his motion for post-conviction relief, Mr. Brooks alleged that the evidence at trial would have allowed the jury to reasonably find that he did not threaten the immediate use of physical force in the stealing of the money and that counsel was, therefore, ineffective for failing to submit a stealing instruction. *Id.* at 915. The motion court denied his motion without an evidentiary hearing, finding that his claim was refuted by the record. *Id.* The State conceded on appeal that the record provided a basis for acquitting the defendant of second degree

robbery and convicting him of stealing. *Id.* Ultimately, this court held that the motion court's denial of the defendant's motion for post-conviction relief without an evidentiary hearing, based on a finding that his claim was refuted by the record, was clearly erroneous. *Id.* at 916.

In *Duggar,* the State presented evidence that, after filling up his gas tank, the defendant went into the gas station store with his right hand in his jacket pocket, and when the clerk asked if he wanted anything else, the defendant replied, "All [of] the money out of your [cash] register." *Duggar,* 710 S.W.2d at 921–22. After the clerk opened the register, the defendant took the money from the register and departed. *Id.* at 922. At trial, the clerk testified that the defendant's hand was in his right jacket pocket during the incident and that he did not know if the defendant had a gun or not. *Id.* The clerk further testified that he "felt threatened" during the incident. *Id.* While the Southern District found that the evidence was sufficient to support the submission of second degree robbery to the jury, the court, in the course of determining whether the trial court erred in not giving a misdemeanor stealing instruction in addition to the felony stealing instruction that was submitted, noted that "[t]he trial court, recognizing that a jury might well find that the money was taken without that order of force which is an essential element of second-degree robbery, instructed the jury on stealing from the person without consent." *Id.* Like in *Brooks* and *Duggar,* in this case, after hearing the testimony and viewing the surveillance video, the jury could have determined that Mr. Patterson did not explicitly or implicitly threaten anyone with immediate physical harm.

 Where doubt exists over whether a reasonable juror could draw inferences from the evidence supporting a finding that an essential element of the greater offense has not been established, the trial court should instruct on the lesser-included offense and leave it to the jury to decide which offense, if any, the defendant committed. *Derenzy,* 89 S.W.3d at 474–75; *Brooks,* 51 S.W.3d at 914. This is just such a case. When a defendant asks the trial court to instruct on a lesser-included offense and the evidence presented at trial provides a basis from which the jury could acquit the defendant of the charged offense and still convict him of the lesser offense, the trial court errs if it fails to give an instruction on the lesser offense. *Derenzy,* 89 S.W.3d at 475. Accordingly, since the evidence in this case would have allowed the jury to acquit Mr. Patterson of second-degree robbery and convict him of felony stealing, the trial court would have been required to give that instruction if trial counsel had presented the trial court with a properly drafted MAI–CR instruction on felony stealing.

 Nevertheless, the State argues that Mr. Patterson still was not prejudiced by trial counsel's failure to submit properly drafted lesser-included offense instructions because the evidence of his guilt of the greater offense, second degree robbery, was so substantial that there was no " 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Deck,* 68 S.W.3d at 429 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Moore,* 827 S.W.2d at 215 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068).

Contrary to the State's argument, however, there is a reasonable probability that the results of the proceedings would have been different if trial counsel had submitted a properly drafted lesser-included of-

fense instruction. This is because the evidence of either an explicit or an implicit threat of physical force in the stealing was not overwhelming. For example, although Ms. Kraus and Ms. Watkins, two witnesses to the crime, testified that it looked as though Mr. Patterson had something his pocket pointed at Ms. Kraus, neither witness stated that she ever saw a weapon. In addition, Ms. Kraus also testified that she did not know what Mr. Patterson's hand was doing in his pocket. Although a reasonable person could believe from this evidence that he had his hand in his pocket intending that the victims think he had a weapon, his intent is a question of fact for the jury to determine. The evidence would also support a finding by the jury to find that he did not intend for the victims to believe he had a weapon. Further, although the surveillance videotape shows that Mr. Patterson yelled at Ms. Kraus, "Open this goddamn register now—Hurry up bitch," and continued to tell her to hurry up, he did not expressly threaten to harm her if she did not comply with his demands. Moreover, while Mr. Patterson physically removed money from Ms. Kraus' shirt pocket, whether his conduct impliedly threatened her with physical force when he did so is a question of fact for the jury.

Therefore, because the evidence of the threat of physical harm was not overwhelming, a reasonable probability exists that a juror might have determined that there was no threat, either explicit or implicit, of physical force in the stealing. As such, there exists a reasonable probability, sufficient to undermine the confidence in the outcome, that the result of the trial would have been different if trial counsel had submitted a proper lesser-included offense instruction for felony stealing. Mr. Patterson has established that he was prejudiced by his trial counsel's submission of a defective lesser-included offense in-

struction, and the motion court clearly erred in finding Mr. Patterson's trial counsel was not ineffective.

Because this court finds that Mr. Patterson's trial counsel was ineffective for failing to submit a properly drafted lesser-included offense instruction, the judgment denying his post-conviction motion is reversed, the conviction and sentence are vacated, and the cause is remanded for a new trial. As the other issues raised in Mr. Patterson's appeal are unlikely to occur on retrial, they will not be addressed.

All concur.